IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Martha Jean Adams-Heggins, | ) | C/A No.: 5:11-2345-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| South Carolina State University, Dr. Louis Whitesides, Negati Engec, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Martha Jean Adams-Heggins filed a complaint alleging job discrimination by Defendant South Carolina State University and Civil Conspiracy by Defendants Dr. Louis Whitesides and Negati Engec. (Doc. # 1). South Carolina State University, Dr. Louis Whitesides, and Negati Engec ("Defendants") filed motions for summary judgment on October 9, 2012. (Docs. #29, 34). Magistrate Judge Paige J. Gossett filed a Report and Recommendation on July 16, 2013, (Doc. #54), recommending that the Defendants' motions for summary judgment be granted because she found that Plaintiff could not establish a *prima facie* case of gender discrimination. Specifically, the Magistrate Judge found that Plaintiff presented no evidence supporting the fourth element of the McDonnell-Douglas test. Thereafter, Plaintiff retained new counsel who filed objections to the Report specifically relating to the fourth element of the McDonnell-Douglas test. Thus, the Court recommitted the original Report and Recommendation

1

to the Magistrate Judge to determine if the objections changed the analysis or conclusion reached in the original Report.

The matter now comes before this Court for review of the Supplemental Report and Recommendation ("the Report") filed on September 12, 2013, by Magistrate Judge Paige J. Gossett, (Doc. #68), to whom this case was previously assigned. In the Report, the Magistrate Judge again recommends granting Defendants' Motions for Summary Judgment. Plaintiff filed objections to the Report on September 19, 2013. (Doc. # 69). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). This Court carefully reviewed the Magistrate Judge's Supplemental Report and Recommendation. Further, this Court has reviewed the evidence of record as outlined by the Magistrate Judge and the cases cited in the Report. The Court has reviewed the memoranda filed, cases cited therein, and the objections to the Report filed by the Plaintiff. More specifically, the Court notes the following cases relevant to the issues raised: Gerner v. Cnty. of Chesterfield, Va., 674 F.3d 264 (4th Cir. 2012); Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277 (4th Cir. 2004); Smith v. Martek Biosciences Kingstree Corp., 2013 WL 4042159 (D.S.C. Aug. 6,

2013); and Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 461 (2d Cir. 2001). Additionally, the evidence cited in this case does not support a finding of discrimination or pretext.

In light of the standard set forth in Wallace, the Court has reviewed, de novo, as noted, the Report and the objections. After careful review of the Report, objections, evidence of record, and relevant cases, the Court hereby **ACCEPTS** the Report. (Doc. #68). The Plaintiff's objections, (Doc. # 69), are **OVERRULED**. The Plaintiff's case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

s/Terry L. Wooten<br>Chief United States District Judge

September 30, 2013
Columbia, South Carolina